# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AJA L. BLOUNT, Inmate #311366, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 06-406-DRH |
| | ) |
| ST. CLAIR COUNTY JAIL, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, a detainee in the St. Clair County Jail, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

In this action, Petitioner, a pretrial detainee under federal indictment in this district, *see United States v. Blount*, Case No. 05-30091-GPM (S.D. Illinois, filed May 5, 2005), seeks dismissal of the indictment against him and release from jail on two grounds. First, Petitioner argues that evidence leading to his arrest was found in violation of the Fourth Amendment in that the affidavit

used to obtain the search warrant contained false and misleading information. Second, Petitioner argues that he gave a confession without a Miranda warning and without counsel present, in violation of the Fifth Amendment. According to the criminal docket, the criminal case against Petitioner is still in the pretrial stages.

Fourth and Fifth Amendment challenges to the search, arrest, and confession may be raised at this point *only* in Petitioner's criminal case; the Court does not have the power to dismiss the indictment in a case pending before another judge in this District. The Court notes that Petitioner is not without avenues for contesting these alleged constitutional violations. He may (and should) make these challenges within the context of his criminal case, he may appeal (pursuant to the statutes and rules governing appeals of decisions of a federal district court), and after he has exhausted those remedies, he may pursue post conviction relief as described in Title 28 of the United States Code, to the extent those remedies are available.

In summary, the petition does not survive review under Rule 4. Accordingly, this action is **DISMISSED** without prejudice to Petitioner bringing these constitutional challenges in the criminal case currently pending in this District.

**IT IS SO ORDERED.**

**DATED: June 5, 2006**

/s/   David   RHerndon
**DISTRICT JUDGE**